UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES GREGORY CASTILLO,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>RONALD HAYNES,<br><br>　　　　　　　Respondent. | NO: 1:15-CV-3180-TOR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

BEFORE THE COURT is a Report and Recommendation ("R&R") issued by Magistrate Judge Rodgers (ECF No. 23), which recommends this Court grant Respondent's Motion to Dismiss (ECF No. 17) and dismiss with prejudice Petitioner's amended habeas corpus petition (ECF No. 8). Petitioner, a prisoner at Washington State Penitentiary and proceeding *pro se,* filed objections to the R&R (ECF No. 26). The Court has reviewed the R&R, the record herein, and is fully informed.

//

//

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 1

## BACKGROUND

Petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his October 15, 2012 conviction in Yakima County Superior Court.[1] ECF No. 8. Petitioner was convicted of second degree rape, and, because he was found to be a persistent offender, he was sentenced to life without parole. *Id.*; ECF No. 15, Ex. 1 at 1.

Petitioner appealed his conviction and sentence to the Washington Court of Appeals. ECF No. 15, Ex. 3. The Washington Court of Appeals affirmed Petitioner's conviction and sentence. *Id.*, Ex. 2. Thereafter, Petitioner sought review by the Washington Supreme Court, *id.*, Ex. 7, but review was denied, *id.*, Ex. 8.

Now, Petitioner seeks habeas corpus relief based on the following grounds: (1) "Petitioner has a constitutionally protected right towards self-representation;" and (2) the "12-year delay between charging and arrest violated Petitioner's

---

[1] A detailed account of the facts surrounding Petitioner's case and state court proceedings can be found in the Washington Appellate Court's unpublished opinion affirming Petitioner's conviction and sentence. *See* ECF No. 15, Ex. 2 at 2-4.

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 2

constitutional right to a speedy trial" and the "618-delay between arrest and trial intensifies the constitutional violation." ECF Nos. 8 at 6-9; 9 at 1, 4.

The R&R rejects Petitioner's contention that his self-representation and speedy trial rights were violated. Specifically, as for Petitioner's first ground for habeas relief, the Magistrate Judge concluded that Petitioner's self-representation claim is without merit. ECF No. 23 at 11. The Magistrate Judge agreed with Petitioner and the Washington Court of Appeals that his right to self-representation was violated prior to his first trial, but noted that Petitioner is currently in custody as a result of his conviction following his second trial. ECF No. 23 at 10-11. The Magistrate Judge found it was not unreasonable for the appellate court to conclude that because Petitioner was allowed to fully represent himself during his second trial, as he was during his first trial, any error that occurred prior to or during his first trial had no effect on his second trial. *Id.* at 11. Further, the Magistrate Judge noted that Petitioner already received the remedy he would have received if this Court determined a structural error occurred due to the initial violation of Petitioner's right to self-representation: a new trial. *Id.* at 10.

As for Petitioner's second ground for habeas relief, the R&R identifies two arguments presented by Petitioner: (1) the 12-year delay between the charging date and arrest, and (2) the 618-day delay between Petitioner's arrest and the trial. *Id.* at 12. As for the 12-year delay, the Magistrate Judge found no Sixth Amendment

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 3

violation occurred, and rejected Petitioner's argument as to this claim. *Id.* at 14-19. As for the 618-day delay between arrest and trial, the Magistrate Judge found Petitioner failed to properly exhaust this claim in the state courts and it is now procedurally defaulted and barred for review. *Id.* at 12-14.

The R&R concludes with the recommendation that Petitioner's habeas action be dismissed with prejudice. *Id.* at 19.

Petitioner filed objections to the R&R. ECF No. 26. Respondent did not file a response.

**STANDARDS OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 72, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C).

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d)(1), a federal court may not grant a state prisoner's habeas application unless the relevant state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," *Knowles v. Mirzayance,* 556 U.S. 111, 121, 129 (2009), or "was based on an unreasonable determination of the facts[,]" 28 U.S.C. § 2254(d)(1), (2).

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 4

## DISCUSSION

Petitioner makes numerous objections to the R&R, outlined below, concerning the rejection of his two grounds for habeas relief: (1) violation of his right to self-representation and (2) violation of his speedy trial rights. ECF No. 26. Moreover, Petitioner objects to the R&R's "overview in its entirety," arguing the R&R fails to address with specificity the arguments presented in his briefings. *Id.* at 10.

As for the dismissal of his self-representation claim, Petitioner raises the following objections: (1) the R&R's "lack of consideration" to the first two denials of his right to self-representation; (2) the finding that there were no intervening court appearances between the denials and trial; (3) the finding there was no lost opportunity for Petitioner to represent himself; (4) the finding that the error prior to the first trial had no effect on the second trial; (5) the finding that Petitioner's self-representation claim lacks merit; (6) the finding that the state court's reasoning is not contrary to, and does not involve an unreasonable application of, clearly established federal law; and (7) the "misquote" of Petitioner's self-representation claim. *Id.* at 1-5, 10-13.

As for the rejection of his speedy trial claim, Petitioner raises the following objections: (1) the R&R's bifurcation of this claim into sub-categories; (2) the finding that the pretrial delay of 618 days is unexhausted and procedurally

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 5

barred/defaulted; (3) the R&R's adoption of the state court's finding that Petitioner was aware of the indictment; (5) the R&R's adoption of the state court's finding of facts concerning the state's diligence and lack of negligence in contributing to the delay; (6) the R&R's adoption of the state court's finding that Petitioner contributed to further delay through repeated efforts to change counsel; (7) the R&R's analysis of the *Barker* factors; and (8) the R&R's failure to consider the 618-day delay in its analysis of the prejudice prong of *Barker*. *Id.* at 5-9, 13-17.

The Court will address Petitioner's objections in turn.

### a. Self-Representation

The Sixth Amendment affords a criminal defendant the right to self-representation. *Faretta v. California*, 422 U.S. 806, 817-819 (1975). However, the right to self-representation is not absolute. *Indiana v. Edwards*, 554 U.S. 164, 171 (2008). Indeed, the right to self-representation is disfavored and courts should "indulge in every reasonable presumption against waiver [of counsel]." *Brewer v. Williams*, 430 U.S. 387, 404 (1977).

Unlike the Sixth Amendment right to counsel, the right to self-representation does not attach until asserted. *See Sandoval v. Calderon*, 241 F.3d 765, 774 (9th Cir. 2000). "*Faretta* requires a defendant's request for self-representation be unequivocal, timely, and not for purposes of delay." *Stenson v. Lambert*, 504 F.3d 873, 882 (9th Cir. 2007). "Since the right of self-representation is a right that

when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless." *McKaskle v. Wiggins*, 465 U.S. 168, 177 n. 8 (1984).

In support of his self-representation objections, Petitioner identifies three allegedly improper denials of this right, *see* ECF No. 23 at 2: (1) an October 28, 2011 denial where the presiding judge stated she denied his request, "Because you keep waffling on it," *see* ECF No. 9-1 at 11; (2) a January 13, 2012 morning denial where the presiding judge denied his request after finding it was a tactic to delay the proceedings, *see* ECF No. 15, Ex. 9 at 212-13; and (3) a January 13, 2012 afternoon denial by a visiting judge, *see id.* at 240-41.

The gravamen of Petitioner's objections is that the two initial denials tainted the trial process from the first trial through the second trial, and therefore, a structural error occurred. ECF No. 26 at 10-13. Specifically, Petitioner argues, because of the initial two denials, he was never allowed to argue, as a *pro se* litigant, his speedy trial dispositive motion, which was argued instead by counsel

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 7

prior to the first trial after the second denial of his request of self-representation.[2]

*Id.*

This Court finds Petitioner's argument unpersuasive. Because the Washington Court of Appeals[3] found only the third denial, after the speedy trial dispositive motion was argued by counsel, to violate Petitioner's right to self-representation, an error the appellate court found remedied by the second trial where Petitioner represented himself, *see* ECF No. 15, Ex. 2. at 10-14, Petitioner's argument that the two initial denials impacted the entire trial process is persuasive only if the initial two denials were improper. However, as explained below, the two initial denials did not violate Petitioner's right to self-representation.

As for the first denial, the Washington Court of Appeals does not discuss the October 28, 2011 request, however an independent review of the record by this

---

[2] Prior to the second trial, when proceeding *pro se*, Petitioner attempted to re-argue the speedy trial issue, but the state court ruled he was precluded from raising this argument a second time.

[3] Since the Washington Supreme Court denied review of the claim, the Washington Court of Appeals decision is informative. A federal court looks "to the last reasoned decision of the state court as the basis of the state court's judgment." *Merolillo v. Yates,* 663 F.3d 444, 453 (9th Cir. 2011) (citation omitted).

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 8

Court indicates Petitioner failed to make an unequivocal assertion of his right to self-representation, which is required as such a right does not attach until asserted. *Sandoval*, 241 F.3d at 774; *see also Hendricks v. Zenon*, 993 F.2d 664, 669 (9th Cir. 1993) ("It is well established in the Ninth Circuit [] that in order to invoke the Sixth Amendment right to self-representation, the request must be: (1) knowing and intelligent, and (2) unequivocal."). The record contains an incomplete transcript of the October 28, 2011 hearing where Petitioner made this request, *see* ECF No. 9-1 at 11, a review of which demonstrates that Petitioner's request was not unequivocal, *see id.* (where the presiding judge states she denied Petitioner's request, "Because you keep waffling on it"), and consequently, his right to self-representation did not yet attach. Thus, this first denial did not violate Petitioner's constitutional rights.

As for the second denial, the Washington Court of Appeals found it was proper as it would lead to further delay of the proceedings. ECF No. 15, Ex. 2. at 10-14. Indeed, a review of the record demonstrates the state trial court made the factual finding that Petitioner's request was an attempt to intentionally delay the proceedings, *see* ECF No. 15, Ex. 9 at 212-13, which is a sufficient ground for denying a defendant's constitutional right of self-representation, *see Avila v. Roe*, 298 F.3d 750, 753 (9th Cir. 2002) (explaining that trial courts may deny a *Faretta* request if "it is shown to be a tactic to secure delay") (internal quotations and

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 9

citation omitted). Thus, the second denial did not violate Petitioner's constitutional rights.

As for the third denial, the Washington Court of Appeals found that Petitioner "successfully argues that his right to self-representation was violated when the visiting judge denied his request because of concerns about his legal skills." ECF No. 15, Ex. 2 at 10. The Court went on to conclude:

> However, the error did not amount to structural error in the context of this case because it did not deprive Mr. Castillo of any opportunity to represent himself. Promptly after the motion was denied, he again filed a pro se motion to allow self-representation. At the very next court appearance the trial judge heard and granted the request. Mr. Castillo suffer no loss because of the visiting judge's erroneous denial of his request. There was no intervening court appearances and no lost opportunity for Mr. Castillo to represent himself. Under these circumstances, finding structural error would be the equivalent of ruling that a trial judge could not successfully grant reconsideration of an erroneous rejection of a *Faretta* waiver. Once the error occurred, even immediate correction would be too late. Mr. Castillo presents no authority that suggests the error itself, apart from the consequent denial of an opportunity to proceed pro se, constitutes structural error. Rather, it is the denial of the opportunity that results in a new trial. *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984) ("Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless.")
>
> Moreover, even if the error itself were uncorrectable, it would be of no moment under the facts of this case. After the erroneous ruling by the visiting judge (and its correction by a different judge on January 31), the case proceeded to the first trial with Mr. Castillo representing himself. That action ended in a mistrial and a second trial at which Mr. Castillo again represented himself. He thus received the remedy

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 10

> that he would have received if the first trial had been conducted by counsel in violation of the *Faretta* waiver. The error prior to the first trial did not somehow impact the second trial that proceeded under a valid *Faretta* waiver. If we were to grant the requested remedy here it would necessarily apply to each and every subsequent trial of this case.
>
> There is no structural error because no opportunity to exercise the right of self-representation was lost to Mr. Castillo as a result of the visiting judge's error. The mistrial of the first case also granted the same remedy that the visiting judge's error would have required–a second trial. For both reasons, his *Faretta* argument is without merit.

*Id*. at 12-14.  This Court finds the appellate court's determination that a second trial remedied the error by the visiting judge to be reasonable.  Importantly, Petitioner fails to identify any United States Supreme Court decision holding that the state court could not employ such reasoning to find that a self-representation violation is remedied by a second trial.

Despite Petitioner's assertion otherwise, this Court concludes that the reasoning of the Washington Court of Appeals was not contrary to nor did it involve an unreasonable application of clearly established federal law as determined by the United States Supreme Court, nor was it an unreasonable determination of the facts.  Accordingly, no error is found, and Petitioner is not entitled to habeas relief on this claim.

//

//

### b. Speedy Trial

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy … trial." U.S. Const. amend. VI. This guarantee is "written with such breadth that, taken literally, it would forbid the government [from delaying] the trial of an 'accused' for any reason at all." *Doggett v. United States*, 505 U.S. 647, 651 (1992). To qualify the "literal sweep" of the guarantee, the Supreme Court has determined that speedy-trial claims must be approached with a balancing test of the four *Barker* factors: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.; see Barker v. Wingo*, 407 U.S. 514, 530 (1972).

None of these four factors, however, is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Barker*, 407 U.S. at 533. Rather, the factors must be analyzed together with such other circumstances that may be relevant. *Id.* Deliberate delay attributable to the government designed to hamper the defense "weighs heavily against prosecution," *Vermont v. Brillon*, 556 U.S. 81, 90 (2009) (quoting *Barker*, 407 U.S. at 531), while neutral reasons, such as court congestion, weigh less heavily. *Id.* "[D]elay caused by the defense weighs against the defendant …." *Id.*

First, Petitioner objects to the R&R's "bifurcation" of his speedy trial claim into two sub-categories and the conclusion that Petitioner's argument concerning

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 12

the 618-delay between arrest and trial is unreviewable because it is unexhausted and procedurally defaulted. ECF No. 26 at 5-7. In support, Petitioner argues that the presentation of his speedy trial argument is one singular issue and the 618-delay "intensifies" the constitutional violation. *Id.* 7-9.

This Court finds the R&R did not err when it found Petitioner failed to exhaust his 618-day delay argument and that this allegation is now procedurally defaulted, and thus, unreviewable. In his Petition, Petitioner argues that during the 618-day elapse between his arrest and his trial he never waived his constitutional right to a speedy trial and this "intensifies" the violation of this right. ECF No. 8 at 8. However, Petitioner did not raise this allegation in the state courts, and he cannot now repackage his original speedy trial claim to include this unexhausted allegation as a way to force review by this Court. *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (explaining a petitioner is deemed to have procedurally defaulted his claim if he failed to comply with a state procedural rule or failed to raise his claim at the state level).

Next, Petitioner objects to the R&R's "adoption" of several factual findings made by the Washington Court of Appeals in its analysis of the *Barker* factors concerning the second factor: reasons for the speedy trial delay. When examining the reasons for delay the appellate court weighed the comparative contributions of the parties and found the delay is largely attributable to Petitioner. ECF No. 15,

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 13

Ex. 2 at 6-10.  Petitioner objects to this conclusion, and specifically objects to the factual findings that (1) he was aware of the charges during the 12-year delay between the charge and arrest; (2) it is unclear when Yakima County learned about his 2007 detention at the border; (3) that Yakima County was continually in contact with border customs after the 2007 stop, until he was located in 2009; (4) that the 2007 border stop was a missed opportunity to bring Petitioner back sooner but government negligence did not contribute to the delay after that period; and (5) that after his arrest Petitioner's repeated efforts to change counsel led to delay that cannot be attributed to the state.  ECF No. 26 at 7-9.

In regards to Petitioner's factual challenges, under the AEDPA, "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding [.]"  *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *see* 28 U.S.C. § 2254(d)(2).  "Factual findings are objectively unreasonable if they are unsupported by sufficient evidence in the state court record." *Tong Xiong v. Felker*, 681 F.3d 1067, 1074 (9th Cir. 2012) (citation omitted).

Here, this Court finds the record supports the appellate court's factual determinations concerning the reasons for the trial delay.  Petitioner disagrees with the appellate court's conclusion that he was largely responsible for trial delay on

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 14

the grounds noted in his objections, but his arguments largely depend on his framing of the facts. For instance, the appellate court determined Petitioner was aware of the charges because, among other things, he fled within hours of the crime and left many of his belongings and his wife behind. *Id.* at 7-8. In response, Petitioner argues that the presumption he had notice of the charges was never substantiated on the record by questioning of his wife or through other fact verification means. ECF Nos. 26 at 7; 20 at 15. Similarly, Petitioner takes issue with the appellate court's finding that, "Yakima was in contact with the Border Patrol shortly after the stop and continued to be until [Petitioner] was located in Las Vegas in 2009," which the court found to demonstrate diligence. *See* ECF No. 15, Ex. 2 at 8. Petitioner argues instead that "Yakima's two responses to the border patrol and U.S. Marshall's … failed to demonstrate due diligence in their pursuit." ECF Nos. 20 at 14; 26 at 7.

The Court observes that in making his arguments Petitioner is effective in demonstrating how the facts of the case may be interpreted in a different manner. However, he fails to show that the appellate court's decision rested on an unreasonable determination of the facts, and it is not for this Court to second-guess the appellate court's objectively reasonable factual findings. *See* 28 U.S.C. § 2254(d)(2).

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 15

1    Finally, Petitioner objects to the R&R's analysis of the *Barker* factors, and
2    argues the analysis "is not an overview of the state court's record in comparison
3    and/or contrast to petitioner's submitted petition, supportive facts, or the filed
4    traverse." ECF No. 26 at 9. Additionally, Petitioner specifically argues that the
5    R&R failed to consider the 618-day delay in its analysis of the prejudice prong of
6    *Barker*. *Id*.

7    The Court recognizes that Petitioner would have preferred the R&R to
8    address his presented arguments point-by-point and with greater specificity,
9    however, upon conducting a de novo review, this Court finds the appellate court
10   and the R&R conducted the *Barker* test with proper analysis and contain
11   conclusions supported by the record.

12   As for the prejudice prong analysis, Petitioner is correct that pretrial
13   incarceration is a factor considered under this prong. *See Barker*, 407 U.S. at 532
14   (explaining prejudice can be shown in three ways: oppressive pretrial
15   incarceration, anxiety and concern of the accused, and the possibility that the
16   accused's defense will be impaired, and of these, the most serious is the last).
17   Neither the appellate court nor the R&R explicitly reference his pretrial
18   incarceration when analyzing the prejudice prong of *Barker*. However, the
19   appellate court attributed Petitioner's pretrial incarceration delay to his repeated
20   efforts to change counsel, and further, also found his self-representation requests

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 16

were a delay tactic.  Given that prejudice due to pretrial incarceration, must be balanced and assessed in light of the other *Barker* factors, including the reasons and responsibility for the delay, Petitioner's pretrial incarceration by itself does not appear to outweigh all of these other considerations.  Accordingly, the Washington Court of Appeals, and the R&R, reasonably concluded that petitioner had established no violation of his constitutional right to a speedy trial, and thus, his habeas petition should be denied with respect to that claim.

   c. **R&R's Overview**

Petitioner's final objection challenges the R&R's "overview in its entirety." ECF No. 26 at 10.  Petitioner faults the R&R with not addressing his claims with precision and specificity.  *Id.*

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised by Petitioner, this Court finds the R&R to be supported by the record and by proper analysis.

   d. **Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 17

issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 327 (2003).

The Court concludes that Petitioner is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with the Court's resolution of his constitutional claim or could conclude the issues presented deserve encouragement to proceed further.

**e. Other Matters**

Petitioner moves the Court to allow him to supplement the record in these proceedings by submitting an exhibit not a part of the state court record. *See* ECF No. 27.

In considering a habeas petition, this Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits" *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Because the proposed document was not before the state courts in their consideration of claims challenging petitioner's conviction, this Court may not consider the document in reviewing the state court adjudication of petitioner's claim. Accordingly, Petitioner's motion is **DENIED**.

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 18

### f. Conclusion

Having carefully reviewed the R&R and the file therein, the Court adopts the R&R in its entirety. Accordingly, for the reasons set forth above, and by Magistrate Judge Rodgers,

**IT IS HEREBY ORDERED:**

1. Petitioner's Objections to the Report and Recommendation (ECF NO. 26) are **OVERRULED**.
2. The Report and Recommendation (ECF No. 23) is **ADOPTED in full**.
3. Respondent's Motion to Dismiss (ECF No. 17) is **GRANTED**.
4. Petitioner's First Amended Petition (ECF No. 8) is **DISMISSED with prejudice**.
5. The Court declines to issue a certificate of appealability.
6. Petitioner's Motion for Leave for Supplemental Disclosure (ECF No. 27) is **DENIED**.

The District Court Executive is directed to enter this Order and Judgment accordingly, provide copies to the parties, and **CLOSE** this case.

**DATED** August 3, 2016.

THOMAS O. RICE
Chief United States District Judge